IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

GENARO PADILLA, JR.,

        Petitioner,

v.                               CIVIL ACTION NO. 5:22-CV-284
                                  Judge Bailey

WARDEN ROANE,

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 28, 2022, the *pro se* petitioner, Genaro Padilla, Jr. ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  On December 5, 2022, petitioner paid the $5 filing fee. [Doc. 4].  Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.  For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

### II. BACKGROUND[1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER.  See **United States v. Padilla et al**, 2:14-CR-129-JAD-CWH-1 (D. Nev. 2014). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

A.      **Conviction and Sentence**

On April 8, 2014, petitioner was charged in a two-count indictment. Petitioner pleaded guilty to Count One: conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(a)(1) & (b)(1)(A). On March 2, 2015, petitioner was sentenced to one hundred and forty-four months imprisonment. According to the Bureau of Prisons ("BOP") website, petitioner's projected release date, via good conduct time, is October 29, 2024.

B.      **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that the Bureau of Prisons ("BOP") has refused to grant him time credits as provided by the CARES Act. Construing the petition broadly, petitioner appears to be referring to time credits set forth in the First Step Act, specifically 18 U.S.C. § 3632(d)(4). For relief, he asks the Court to order the BOP to award him time credits.

### III.      LEGAL STANDARDS

A.  **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV. ANALYSIS

This Court is without jurisdiction to adjudicate petitioner's claims because he failed to exhaust his administrative remedies.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."  **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  **Booth v. Churner**, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  **Porter**, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice. As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's

4

response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's failure to exhaust administrative remedies is apparent on the face of the petition. Although petitioner checked a box indicating he had presented the facts of the petition through the prison's internal grievance procedure, he states "I only received a verbal response once and I was told to see my unit team. I asked and I was told to file once. I filed and I never received a response." [Doc. 1 at 7]. He goes on to state "I filed with the institution, I cannot proceed without a response." [Id. at 8]. Assuming the allegations in the petition to be true, petitioner appears to have filed a written complaint to the warden but never received a response. Despite petitioner's assertion, however, he was not unable to proceed with his grievance. Once such a complaint is filed, the warden must respond within twenty calendar days. 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id. By his own account, has not exhausted his administrative remedies.

Accordingly, petitioner's claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't,** 523 U.S. 83, 95 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

5

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: January 5, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE